UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DUSTIN M. LANE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:21-cv-02126-SLD-JEH |
| OMAR ISHRAK and GEOFF MARTHA,[1] | ) ) ) |
| Defendants. | ) |

ORDER

Before the Court is Defendants' joint motion to dismiss, ECF No. 6. For the following reasons, the motion is GRANTED.

BACKGROUND[2]

I.  **Defendants Ishrak and Martha**

Defendant Omar Ishrak is the former chief executive officer of a Minnesota-based medical device company called Medtronic. That role is currently occupied by Defendant Geoff Martha. Both Defendants are citizens of Minnesota.

II. **Plaintiff's Prior Related Suit[3]**

---

[1] Defendant Geoff Martha is erroneously referred to as "Martha Geoff" on CM/ECF. The Clerk is directed to update the docket accordingly.

[2] At the motion to dismiss stage, the court "accept[s] as true all well-pleaded facts in the complaint, and draw[s] all reasonable inferences in [the plaintiff's] favor." *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). Thus, unless indicated otherwise, this factual background comes from the Complaint, ECF No. 1, and attached exhibits.

[3] Plaintiff indicates his prior suit against Medtronic relates to this action, *see* Civil Cover Sheet 1, ECF No. 1-7 (listing *Lane v. Medtronic*, 2:19-cv-02309-CSB-EIL, as a related case), so the Court discusses it here for context. *See Sharp v. Schorn*, Civil No. 06-221-DRH, 2007 WL 2198383, at *2 (S.D. Ill. July 31, 2007) (taking judicial notice of "of [the] [p]laintiff's other lawsuit, as referenced in his complaint"); *see also Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) ("Courts may take judicial notice of court filings . . . when the accuracy of those documents reasonably cannot be questioned."); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (noting that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records" (quotation marks omitted)). For clarity, when citing Plaintiff's prior suit, the Court adds "Medtronic" before the ECF number or other citation.

1

On November 13, 2019, Plaintiff Dustin Lane, proceeding *pro se*, brought a products liability action in this district for "misuse of medical products" against Medtronic, Ishrak, and two additional Medtronic employees. Medtronic Compl. 3–4, Medtronic ECF No. 1. Defendants filed a joint motion to dismiss, Medtronic ECF No. 9, which Judge Colin S. Bruce granted, finding Plaintiff's complaint was too "sketchy" and "threadbare" to give Defendants sufficient notice of the claims against them in accordance with Federal Rule of Civil Procedure 8(a). *See* Apr. 27, 2020 Medtronic Order 4, Medtronic ECF No. 26. Judge Bruce gave Plaintiff leave to file an amended complaint, *id.* at 5, which Plaintiff filed on May 1, 2020, Medtronic ECF No. 27.

Defendants moved to dismiss the amended complaint, Medtronic ECF No. 29. Judge Bruce granted the motion, this time with prejudice, finding the new complaint also failed to satisfy Rule 8(a) and, in any event, Plaintiff's claim was time-barred. June 8, 2020 Medtronic Order 8–9, Medtronic ECF No. 32. A judgment of dismissal was entered June 8, 2020, Judgment, Medtronic ECF No. 33. Because the judgment erroneously indicated the dismissal was without prejudice, an amended judgment was entered on June 15, 2020, Am. Judgment, Medtronic ECF No. 35.

### III. The Current Suit

Plaintiff filed this *pro se* action against Defendants on June 3, 2021. He alleges:

> I applied for a job at Campus Property Management between the dates of my second surgery and when the court case was filed. [January 11, 2001] is the date of my second back surgery when the accident occurred. I came to the job interview and there was a group of people that was unknown to myself at that point in time. I now recognize Omar Ishrak, Geoff Martha, and [Medtronic counsel] Lola Velasquez [sic]. I am unaware of who the other people was [sic] at this point of time. Omar Ishrak was interviewing me of what I thought was a job interview. I remember him asking what I was able to do physically. I did feel as if Omar Ishrak was trying to intimidate me in the process.

Pl.'s Statement 1, Compl. Ex. 1, ECF No. 1-1 at 4.  Plaintiff goes on to state that he served a document in-person to an employee at a Tennessee-based Medtronic affiliate on February 8, 2021.[4]  He further states that "[Defendants have] refuse[d] to contact me or work with me" and are responsible because of their positions at Medtronic.  *Id.*  Plaintiff also states that he has been unable to access his finances.

Attached to Plaintiff's complaint are over 60 pages of additional documents, including multiple copies of Judge Bruce's judgment dismissing Plaintiff's earlier suit against Medtronic; print-outs of online portal messages from Plaintiff to United Nations agencies; and communications such as portal messages and emails from Plaintiff to Medtronic and its employees.  The theme of Plaintiff's attached communications is that Plaintiff recently became the "sole owner" of Medtronic, *see* Feb. 14, 2021 Email, Compl. Ex. 4, ECF No. 1-4 at 6; *see also* Pl.'s Email to United Nations Office on Drugs and Crime 3, Compl. Ex. 3, ECF No. 1-3 (stating that Plaintiff "won a federal case in the sixth district of the United States federal courts" granting him "complete ownership" of Medtronic and an affiliated entity), and therefore requires immediate access to Medtronic's bank accounts, tax statements, building access codes, patents, employee records, and virtually all other business information, *see, e.g.*, Feb. 11, 2021 "Contact Us" Submission 3, Compl. Ex. 4, ECF No. 1-4 at 25–31.

Plaintiff indicated the civil statute under which he was filing was "18 U.S.C. 241."  Civ. Cover Sheet 1, ECF No. 1-7.  He described the cause of action as "fraud" and stated his demand amount was "unknown."  *Id.*  On August 13, 2021, Plaintiff filed an amended cover sheet changing the demand amount to $10,000,000.  Am. Civ. Cover Sheet 1, ECF No. 15.[5]  He also

---

[4] The document Plaintiff presented appears to be a copy of Judge Bruce's judgment in the prior Medtronic suit.  *See* Document 1–2, Compl. Ex. 2, ECF No. 1-2.
[5] Plaintiff later moved to amend the cover sheet a second time, ECF No. 23, but Magistrate Judge Jonathan E. Hawley denied the motion, *see* Dec. 28, 2021 Text Order.

changed the description of his cause of action from "fraud" to "[i]nability to come to a[n] agreement." *Id.*

IV. **Additional Procedural History**

Plaintiff filed a motion to compel alongside the complaint, seeking ten years of income tax statements, job titles, and job descriptions from Defendants.  Mot. Compel, ECF No. 2.  On June 30, 2021, Defendants jointly filed this motion to dismiss.  Mot. Dismiss 1.  On July 2, 2021, Plaintiff moved to strike Defendants' motion "due to incorrect information in their motion referring to [his] statement" and "because [he] h[ad] been avoided in [his] attempts to work with them and gain access to [his] finances at Medtronic[]."  Mot. Strike 1, ECF No. 9.  Plaintiff filed an identical motion to strike on July 13, 2021, ECF No. 11.

Magistrate Judge Eric I. Long denied Plaintiff's motions and instructed him to respond to Defendants' motion to dismiss by August 13, 2021.  July 23, 2021 Text Order.  On August 13, 2021, Plaintiff filed the amended cover sheet and a statement indicating he had requested a meeting with Defendants and other Medtronic employees but had not yet received a response, Statement 1, ECF No. 16.  In the meantime, Defendants filed a motion for sanctions against Plaintiff under Federal Rule of Civil Procedure 11 for "frivolous filings and repeated pursuit of implausible claims," Mot. Sanctions 1, ECF No. 13, which is still pending before the Court.

On October 14, 2021, Judge Bruce recused himself from the proceedings.  First Oct. 14, 2021 Text Order.  The case was reassigned to this Court.  Nov. 1, 2021 Text Order.

## DISCUSSION

I. **Legal Standard**

Federal Rule of Civil Procedure 8(a) "set[s] the conditions for a sufficient pleading," *Taha v. Int'l Brotherhood Of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020):  A

pleading must contain "a short and plain statement of the claim" showing the plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2).  Pleadings must be "straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."  *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *see also Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994) ("A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.").  "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."  *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011); *see also Taha*, 947 F.3d at 469 ("If a complaint falls short of [Rule 8(a)(2)'s] requirement, it risks dismissal under Rule 12(b)(6) for 'failure to state a claim upon which relief can be granted.'").

Federal Rule of Civil Procedure 9(b) sets a heightened pleading standard for fraud claims.  *See* Fed. R. Civ. P. 9(b).  Rule 9(b) requires a plaintiff plead basic details constituting "the who, what, when, where, and how of the fraud."  *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011) (quotation marks omitted).  Sufficient allegations ordinarily entail "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff."  *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008) (quotation marks omitted).

II.   Analysis

As an initial matter, the Court notes that Plaintiff never responded to Defendants' motion, even after Magistrate Judge Long extended the deadline *sua sponte* and directed Plaintiff to

respond. *See* July 23, 2021 Text Order. Under the Local Rules, the court presumes a motion is unopposed when no response is timely filed. *See* Civil LR 7.1(B)(2). However, in light of the Seventh Circuit's holding that a motion to dismiss cannot be granted solely because it is unopposed, *see Marcure v. Lynn*, 992 F.3d 625, 633 (7th Cir. 2021), the Court will proceed by evaluating Defendants' arguments in support of dismissal, keeping in mind that district courts are to view *pro se* complaints with an "understanding eye" when ruling on motions to dismiss, *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

Defendants first argue that Plaintiff appears to bring suit pursuant to a federal statute with no private right of action. Mem. Supp. Mot. Dismiss 5, ECF No. 7. Having conducted its own research, the Court agrees. Plaintiff's amended civil cover sheet, Am. Civ. Cover Sheet 1, indicates he is bringing suit under 18 U.S.C. § 241, a federal criminal civil rights conspiracy statute. *See Swanson v. PNC Bank, N.A.*, No. 20 C 6356, 2021 WL 1209131, at *3 (N.D. Ill. Mar. 31, 2021) (referencing the *pro se* plaintiff's civil cover sheet to determine the plaintiff's cause of action). But there is no private right of action under this statute, which necessitates dismissing Plaintiff's claims. *See, e.g.*, *Johnson v. D.C. Crim. Just. Act*, 305 F. App'x 662, 662 (D.C. Cir. 2008) ("[T]he district court properly dismissed these claims, because there is no private right of action under [18 U.S.C. § 241]."); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (dismissing the plaintiff's claims for the same reason).

Second, Defendants argue that Plaintiff has failed to properly plead his fraud claim. Mem. Supp. Mot. Dismiss 5–6. Here, too, the Court agrees. To the extent that Plaintiff is bringing a claim of fraud against Defendants, the Court is unable to discern any alleged misrepresentation at issue from the complaint, let alone who communicated the

misrepresentation, where, and when, which means Plaintiff's allegations do not satisfy Federal Rule of Civil Procedure 9(b). *See Windy City Metal Fabricators & Supply, Inc.*, 536 F.3d at 668.

Assuming Defendants have properly characterized Plaintiff's arguments, dismissal is appropriate for the aforementioned reasons. If Defendants have misread Plaintiff's complaint—indeed, Plaintiff's motion to strike insinuates Defendants' motion contains "incorrect information," Mot. Strike 1—then Defendants' inability to readily discern the relevant allegations against them also justifies dismissal because Plaintiff's complaint does not make clear the actual claims. *See Stanard*, 658 F.3d at 798 (noting dismissal is appropriate where the facts constituting the alleged wrongdoing cannot be determined from the complaint).

The Court concludes it is simply too difficult to pin down the precise nature of Plaintiff's allegations to find he has complied with Rule 8(a). *See id.* Plaintiff's statement discusses a job interview sometime between January 11, 2001 and June 3, 2021 during which Defendant Ishrak asked him about his physical capabilities in an intimidating manner. *See* Pl.'s Statement 1. But the exhibits to the complaint and Plaintiff's other filings suggest Plaintiff is bringing suit against Defendants under the belief that Judge Bruce's judgment of dismissal entitles him to ownership of Medtronic. *See* Pl.'s Email to United Nations Office on Drugs and Crime 3; *see also* Request to Reassure 1, Medtronic ECF No. 36 (asking Judge Bruce for "reassurance that [he] won and [is] now . . . the sole owner of these businesses"). Setting aside Plaintiff's erroneous interpretation of the judgment,[6] it is not clear how Plaintiff's prior litigation against Medtronic relates to the job interview he discusses in his statement. Nor is it clear how either the job

---

[6] The Court clarifies that a dismissal with prejudice is not a favorable judgment for the plaintiff, but rather ends his case without his obtaining any relief. *See Hill v. Baxter Healthcare Corp.*, 405 F.3d 572, 576 (7th Cir. 2005) ("[A] case that is dismissed with prejudice is unconditional; therefore, it's over . . . ."). Given its unambiguous content, it cannot reasonably be questioned that Judge Bruce's judgment did not award Plaintiff ownership of Medtronic. *See Parungao*, 858 F.3d at 457.

interview or the prior litigation relates to an alleged claim of fraud. In light of this uncertainty, dismissal is appropriate. *See Stanard*, 658 F.3d at 798.

## CONCLUSION

Accordingly, Defendants' joint motion to dismiss, ECF No. 6, is GRANTED. The Court grants Plaintiff leave to file an amended complaint if he can cure the deficiencies identified above. *See Egwuenu v. Charles Schwab & Co.*, 834 F. App'x 245, 247 (7th Cir. 2021) ("[A] *pro se* litigant may ordinarily receive one chance to amend a defective complaint before dismissal with prejudice." (citing *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013)). Any amended complaint must be filed by February 7, 2022, and must clearly state who Plaintiff is suing and what they did to cause him injury.

Entered this 24th day of January, 2022.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
